ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 12, 2012

The Honorable J. Steven Houston
Brewster County Attorney
107 West Avenue E #7
Alpine, Texas   79830

Opinion No.  GA-0904

Re:  Whether two bills that amend section 36.121 of the Water Code, which relates to the regulatory authority of groundwater conservation districts, are in irreconcilable conflict   (RQ-0985-GA)

Dear Mr. Houston:

You ask whether two bills enacted by the Eighty-second Legislature that purport to amend section 36.121 of the Water Code are in irreconcilable conflict.[1]

Prior to the 2011 legislative session, section 36.121 of the Water Code read as follows, in relevant part:

> Except as provided by Section 36.117, a [groundwater conservation] district that is created under this chapter on or after September 1, 1991, *shall exempt from regulation* under this chapter a well and any water produced or to be produced by a well that is located in a county that has a population of 14,000 or less if the water is to be used solely to supply a municipality that has a population of 121,000 or less and the rights to the water produced from the well are owned by a political subdivision that is not a municipality, or by a municipality that has a population of *100,000* or less, and that purchased, owned, or held rights to the water before the date on which the district was created, regardless of the date the well is drilled or the water is produced.[2]

---

[1]Letter from Honorable J. Steven Houston, Brewster County Attorney, to Honorable Greg Abbott, Attorney General of Texas (July 14, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]Act of May 29, 1995, 74th Leg., R.S., ch. 933, § 2, sec. 36.121, 1995 Tex. Gen. Laws 4673, 4691, *amended by* Act of May 27, 2001, 77th Leg., R.S., ch. 966, § 11.04, sec. 36.121, 2001 Tex. Gen. Laws 1991, 2082 (emphasis added).

The Eighty-second Legislature adopted two bills that purport to amend section 36.121. House Bill 3109 made only one change to section 36.121: it amended the language that read "or by a municipality that has a population of *100,000* or less" to read "or by a municipality that has a population of *115,000* or less." Act of May 29, 2011, 82d Leg., R.S., ch. 1042, § 1, 2011 Tex. Gen. Laws 2660, 2660–61 (emphasis added). Thus, the only change made by House Bill 3109 was to extend the exemption from regulation by a groundwater conservation district to a well and any water produced therefrom that is purchased by a municipality owning water rights and having a population of "100,000 or less," to a well and any water produced therefrom that is purchased by any such municipality with a population of "115,000 or less." *Id.*

House Bill 2702, on the other hand, an omnibus bill that applies to various political subdivisions, made two changes to section 36.121. First, it qualified the language that read "to supply a municipality that has a population of 121,000 or less" by adding the phrase "but greater than 100,000." Act of May 25, 2011, 82d Leg., R.S., ch. 1163, § 181, 2011 Tex. Gen. Laws 3024, 3054. In addition, House Bill 2702 amended the language that read "or by a municipality that has a population of 100,000 or less" to read "or by a municipality that has a population of 115,000 or less but greater than 100,000." *Id.* Thus, any well supplying a municipality that was previously exempted from regulation because the municipality had a population of "100,000 or less" would, by virtue of House Bill 2702, be subject to regulation because the population of the municipality did not meet the minimum threshold of 100,000.

There can be no doubt that the quoted language of the two bills facially conflict because under House Bill 3109, a municipality purchasing, holding, or owning water rights and having a population of 115,000 or less would be *exempt from* regulation by a groundwater conservation district; whereas, under House Bill 2702, a municipality purchasing, holding, or owning water rights and having a population of 100,000 or less would be *subject to* regulation by a groundwater conservation district. But House Bill 2702 contains a provision that resolves the ultimate conflict:

> To the extent that a law enacted by the 82nd Legislature, Regular Session, 2011, conflicts with this Act, the other law prevails, regardless of the relative dates of enactment or the relative effective dates.

*Id.* § 201(b), at 3058. The rules of statutory construction provide that "[i]f amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each." TEX. GOV'T CODE ANN. § 311.025(b) (West 2005). Although the two bills do not directly reference each other, House Bill 2702, by its declaration that "[t]o the extent [of] conflicts with this Act, the other law prevails," makes clear the legislative intent. Act of May 25, 2011, 82d Leg., R.S., ch. 1163, § 201(b), 2011 Tex. Gen. Laws 3024, 3058. As a consequence of this statutory declaration, the two bills may ultimately be harmonized with the result that the amendatory language of House Bill 3109 prevails over the amendatory language of House Bill 2702.

## S U M M A R Y

Although House Bills 3109 and 2702 enacted by the Eighty-second Legislature are in facial conflict, House Bill 2702 provides that, to the extent of its conflict with another bill enacted at the same session, the other bill prevails. As a consequence, the two bills may ultimately be harmonized with the result that House Bill 3109 prevails and thus amends section 36.121 of the Water Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee